# DALLAS TERM, 1904.

## Kid Kinney v. The State.

### No. 2804.   Decided January 13, 1904.

**1.—Indictment—Increased Punishment.**

In a prosecution under article 1014, Penal Code, authorizing an increase in punishment where appellant had previously been convicted of the same offense, the authorities all appear to hold that the matter of punishment pertains to the remedy and is no part of the definition of the offense.

### ON REHEARING.

### March 25, 1904.

**2.—Same—Similar Offense.**

Article 1014 of the Penal Code, 1895, is reformatory, and means that before a case can be used in a subsequent case to enhance the punishment, there must have been a former conviction in a case for a similar offense, and that after such conviction appellant must have committed another offense of like character.

**3.—Same—Same Offense—Former Jeopardy.**

An indictment is not sufficient which alleges in the language of the statute that appellant had been previously convicted of the "same offense," but it must aver that he had been previously convicted of an offense of like character to that for which he was being tried; otherwise the indictment would appear to be defective as undertaking to put appellant in jeopardy for an offense of which he had previously been tried and convicted.

**4.—Same.**

An indictment which alleges three preceding offenses all on the same day, without priority between them, could only be considered as an indictment for the second and not for the fourth offense, with reference to article 1014, Penal Code, enhancing the punishment of offenses of like character.

**5.—Same—Prior Cases Can Only Be Used Once.**

Prior cases for offenses of a like character can not be used to enhance the punishment of a subsequent offense of a like character more than once, as a person can not be tried and convicted more than once for the same offense.

Appeal from the County Court of Tarrant.   Tried below before Hon. R. F. Milam.

Appeal from a conviction for exhibiting a gaming table, penalty, a fine of $100 and forty days confinement in the county jail.

No statement is necessary.

*Jas. S. Davis,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of exhibiting a gaming table, and his punishment assessed at a fine of $100 and forty days confinement in the county jail; hence this appeal.

There is no statement of facts in the record, and only one bill of exceptions. This questions the action of the court taking into consideration in assessing the punishment the former convictions of appellant in other cases for similar offenses. The indictment charges appellant with the offense of unlawfully exhibiting a gaming table for the purpose of gaming, and then alleges that appellant had previously been legally convicted in the same court in causes Nos. 24,405, 24,259 and 24,260, being three in number, of the same offense charged in the indictment against appellant. This indictment seems to have been brought under article 1014, Penal Code, which authorizes an increase in punishment where appellant had previously been convicted of the same offense. This statute appears to have been upheld in Long v. State, 36 Texas Crim. Rep., 6. However, that case was reversed because proof was admitted of other previous convictions when there was no allegation of such convictions in the indictment. And to the same effect see 1 Bishop's Crim. Law, 961; Bishop's Stat. Crimes, sec. 176. The authorities all appear to hold that the matter of punishment pertains to the remedy, and is no part of the definition of the offense. However, in order to enhance the punishment on account of previous convictions, this must be alleged and proven. We do not understand appellant in his bill of exceptions to set up the question of former jeopardy, or claim the indictment should have been quashed because it alleges convictions for the same offense. If it be conceded that appellant intended to raise this question on the indictment, still we do not believe it would have been well taken. The indictment alleges that he had been previously convicted in said causes of the same offense, and this follows the language of the statute. According to out interpretation of "the same offense" here, means an offense of the same character; and not the same identical transaction. In the absence of a statement of facts or any bill showing that the other offenses were the identical offenses charged in this indictment against appellant and involving the same transaction, we presume they were different offenses of the same character. But so far as the punishment here adjudged against appellant, it was only a fine of $100 and forty days confinement in the county jail, which did not exceed the punishment prescribed under article 382, Penal Code, for the first offense. It occurs to us this eliminates altogether the question of former convictions. If the court had assessed a punishment of $300 and imprisonment in the county jail for 270 days, as for the third offense, then appellant might have had some plausible ground for his contention. But, as shown above, even in that case his contention could not be sustained. There being no error in the record, the judgment is affirmed.

*Affirmed.*

### ON REHEARING.

HENDERSON, JUDGE.—This case was affirmed at a previous day of this term (Kinney v. State, 78 S. W. Rep., 225), and now comes before us on motion for rehearing. In the disposition of the case, we held tha

the indictment was good as charging prior offenses under article 1014, Penal Code, for the purpose of enhancing the punishment in the case then being tried. We also held that inasmuch as the punishment assessed did not exceed the amount of punishment authorized in the case on trial regardless of the increased punishment authorized where convictions had previously occurred for like offenses, it was not necessary to discuss the other questions raised, to wit, that said offenses having previously been used to enhance the punishment in other cases, could not be again used in a subsequent case for the same purpose.

Since the original opinion was rendered, appellant's counsel has filed an able brief setting up his contentions, referring to authorities which sustain him; and we are accordingly constrained to review the former opinion. Appellant contends that the statute in question—article 1014, Penal Code, 1895—is reformatory, and means that before a case can be used in a subsequent case to enhance the punishment, there must have been a former conviction in a case for a similar offense; and that after such conviction, appellant must have committed another offense of like character, and so on, up to and including the four offenses prescribed by statute, and that these matters must be distinctly alleged in the indictment. He further insists in this connection, that it is not sufficient for the indictment to allege "the same offense" as contained in the statute, but it must allege a preceding similar offense—that is, an offense of like character. Long's case, 36 Texas Crim. Rep., 6, is authority for the proposition that before the increased punishment can be assessed the former convictions must be averred. In that case, however, the indictment did not attempt to set up any former conviction as in this case, and the court did not undertake to prescribe any form as to setting up the prior convictions. We believe that appellant's contention in regard to the indictment is correct; that is, it is not sufficient to allege in the language of the statute, that appellant had been previously convicted of "the same offense," but it must aver that he had been previously convicted of an offense of like character to that for which he was being tried. Otherwise the indictment would appear to be defective as undertaking to put appellant in jeopardy for an offense of which he had been previously tried and convicted. That is, it is not enough merely to follow the language of the statute, as the statute does not mean the same identical offense, but means an offense of like character, and this should be averred in the indictment. We also hold that the statute is reformatory, and does not merely undertake to cumulate a number of cases (four as was here attempted) which occurred simultaneously on the same day, and thus add to the punishment of a case on trial. According to our understanding, the statute does not undertake to visit the increased penalty in a subsequent trial merely because appellant had been previously tried and convicted in other cases of a similar character. This would be to enhance the penalty for having been before convicted, and not because any new act had taken place since such conviction. It may be that in a general

way the statute is susceptible of this construction; but evidently the Legislature did not contemplate such a result. A more liberal construction, and one harmonizing this with article 65, Penal Code 1895, and also in consonance with other provisions of our Penal Code and Code of Criminal Procedure, would be to construe article 1014, Penal Code 1895, as a reform provision of our code. That is, after the conviction for the first offense, if the party does not reform, but persists in crime, and commits another offense of like character, he can then be tried under such subsequent offenses and the former conviction can be used to enhance his punishment and so on up to the commission of the four subsequent offenses. He is not again punished for the first offense, but that is used as evidence in the second and subsequent offenses in order to increase his punishment. Rand v. Commonwealth, 9 Gratt. (Va.), 738; People v. Stanley, 47 Cal., 113; Ross' case, 2 Pick. (Mass.), 165; Blackburn v. State, 50 Ohio St., 428. Now, testing this indictment by the above rules, it will be seen that the same does not allege that the former convictions were for similar offenses; that is offenses of the same character, but avers that the former convictions were for the same offense. Moreover, the indictment does not allege, except perhaps inferentially, that the convictions in numbers 24,405, 24,259 and 24,260 were for offenses which were committed prior to the offenses for which appellant was being tried. It should have charged that appellant was tried and convicted in No. 24,405 for an offense which occurred prior to the commission of the offense declared on in No. 24,259, and that he was convicted for said last named case prior to the commission of the offense denounced in No. 24,260, and that he was afterwards convicted for said offense, and that these convictions all occurred for offenses committed prior to the commission of the offense for which appellant was being tried, to wit, No. 26,838. Then it would have been distinctly shown that each new act was for a subsequent offense after he had been convicted for a like offense in the preceding case. This would have constituted a good indictment, and would have been authority for increasing the punishment.

Here the indictment charged as to the assumed previous offenses, as follows: "The grand jurors upon their oaths aforesaid do further present in and to said court, that heretofore, on September 5th, 1901, in the County Court of Dallas County, Texas, and prior to the commission of the offense here charged against him, the said Kid Kinney was in said court duly and legally convicted in causes numbers 24,405, 24,259 and 24,260 in said court, being three in number, of the same offense herein charged against him, the said Kid Kinney, each of said offenses being misdemeanors," etc. From this allegation the preceding offenses were all committed on the same day, with no allegation as to priority between them; and consequently the indictment in this regard could only be considered as an indictment for the second offense, and not as an indictment for the fourth offense; that is, if effect be given to article 1014, Penal Code, as a reform statute.

It is furthermore urged that these three same offenses were used in numbers 26,836 and 26,837 in order to enhance the punishment against appellant; that is, said cases were used not only to enhance appellant's punishment in the case on trial, but had previously been used in the two preceding cases. An inspection of the record sustains this contention. Evidently it was never intended that prior offenses could thus be made to do double duty; that is, that prior cases could be used to enhance the punishment in any given case more than once. To give the statute such an effect would be violative of the principle of former jeopardy which inhibits a defendant from being convicted more than once for the same offense. The only difference is that here the same offense was used more than once in order to enhance his punishment. The statute allows these offenses to enter into a subsequent offense for the enhancement of the punishment in as many as four cases. There is no statutory authority that prior offenses can be used more than in the four cases or contingencies mentioned. So it would follow that the judgment in this case can not be sustained because the same cases on which the enhanced punishment is predicated here had previously been exhausted. As before remarked we said in the original opinion that the judgment did not exceed the maximum authorized in one case; but an inspection of the judgment here shows that said other cases were used by the court in order to enhance the punishment. Inasmuch as such use is not permitted by the statute more than once we now hold that the judgment can not be sustained. The motion for rehearing is granted, and the judgment is accordingly reversed and remanded.

*Reversed and remanded.*