## Joe Elder v. The State.

No. 13846.  Delivered December 17, 1930.
Rehearing Granted March 18, 1931.
State's Motion for Rehearing Denied April 15, 1931.

The opinion states the case.

*W. H. Browning,* of Lampasas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for transporting intoxicating liquor; punishment, two years in the penitentiary.

There are no bills of exception in this record. This being the way all complaints of procedure must be brought before us (article 667, C. C. P.), we are without power or right to consider any question presented in the able brief filed by appellant's counsel, save such as pertain to the sufficiency of the testimony. The sheriff of the county testified that he saw appellant come from a certain domino parlor with a paper sack or package in his hand, get in a car and drive off down by the Barnes Lumber Company, then turn back to the bridge by Hensley's filling station. Witness followed and drove his car up to a point just behind the one driven by appellant. He testified that looking through the glass in the back of appellant's car he observed the occupants put their hands up to their mouths as if drinking. He said that appellant got out of his car, leaving the car door open, and that witness walked to said car and saw the package or paper sack sitting on the floor of the car in such position as would have been between the driver's feet. Witness took the package and found it to contain a half gallon of whisky. He said appellant got from under the steering wheel when he got out of the car. Cross-examined, this witness affirmed that he was positive he saw appellant take said package to the car. Another state witness corroborated the sheriff as to the fact that appellant got out of the driver's seat of his car at the filling station, and that there was sitting there in the car a paper sack which had in it a half gallon of whisky.

Appellant testified that he drove the car in question to said filling station, but said he had no package before he got in the car, put none in the car and knew nothing of the presence of any package. He introduced a number of witnesses who testified that they saw him just before he got in the car, and saw no package in appellant's hand.

The testimony for the state, if believed by the jury, would be sufficient to make out a case against appellant for transporting intoxicating liquor. While this testimony is strongly combated by that offered for appellant, it is the rule of our statutes and all of our decisions that the jury are the exclusive judges of the weight of the testimony as well as the credibility of the witnesses, and when there is any testimony in the record which, if accepted by the jury, will suffice, we invariably decline to reverse such case.

In his motion for new trial appellant set up misconduct of the jury. We have examined the testimony of the jurors heard by the court when

said motion was presented. The alleged misconduct was that some one said in the jury room that appellant had done other things which would justify his being sent to the penitentiary. All the jurors testified on the hearing of the motion. No one of them would claim to have made any remark about appellant's past, but several of them testified that they heard some such remark, but that it was at once stopped by the foreman who said nothing of that kind could be considered. A large number of the jurors said that they did not hear any such remark, and most of those who said they did hear it stated that they had already agreed upon their verdict at the time they heard such remark. Several of the jurors testified that at the time they heard the remark made they had already voted that appellant was guilty, and had also fixed by their agreed verdict the amount of his penalty. When the record presents to the trial court such condition of conflict, we have always said that the action of the trial court in overruling the motion for new trial, based on such misconduct, would be upheld by us. Manley v. State, 92 Texas Crim. Rep., 537; Kelly v. State, 95 Texas Crim. Rep., 138; Rosamond v. State, 97 Texas Crim. Rep., 639; Ross v. State, 98 Texas Crim. Rep., 567. The remark made, if any was made, was but a passing remark which was promptly rebuked, and the exact language of which no one of the jurors could give. It would be manifest that if it was made after the jury had agred upon their verdict, it could be of no harm to the accused. The discretion of the trial court must be shown to have been abused. We do not think this has been shown.

No error appearing, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Responding to the motion for rehearing, we have carefully considered the testimony of each of the twelve jurors who testified upon the hearing of the motion for new trial, to see if there be evidence of the presence of any illegal factor in the jury's deliberations which might have caused or contributed to the verdict finding appellant guilty and fixing his punishment at two years in the penitentiary.

That in the jury room after retirement the past record of appellant in regard to other violations of law was mentioned, seems beyond doubt. The jurors divided in testimony as to when appellant's past misdeeds were referred to, but a majority seemed to agree that while it may have been after all had voted guilty,—it was before agreement as to penalty. It is in testimony that after agreeing that appellant was guilty, nine jurors were for a penalty of one year and three for two years. The latter penalty was finally agreed upon, which establishes that in some way and by some argument the views of nine men as to penalty were changed. If, as stated, after the vote was first taken on the penalty it was then said

by some juror that whether guilty of this offense or not appellant had done enough other things for which he ought to be in the penitentiary, and upon a subsequent vote on the penalty nine jurors had changed to a greater penalty than before, this would at least be persuasive that such statement may have been harmful. Upon more careful scrutiny we are led to believe the record open to the suggestion of injury resulting from such misconduct. We give to appellant the benefit of the probability.

The motion will be granted, the judgment of affirmance set aside, and the judgment of the trial court will now be reversed and the cause remanded.

*Rehearing granted and judgment reversed and remanded.*

### ON STATE'S MOTION · FOR REHEARING.

MORROW, Presiding Judge.—A re-examination of the testimony touching the misconduct of the jury makes evident to the writer that the facts render a reversal of the case imperative.

One or two jurors did not hear the objectionable remarks or any comment upon them. With that exception all of the jurors testified that the occurrence took place before they had agreed upon a verdict fixing the penalty. One of them, when recalled by the state, modified his testimony but the modification is not deemed to have been such as to have justified the finding against the accused. The greater portion of the questions directed to the jurors related to their opinion that they were not influenced by the improper testimony. The court has often said that such inquiry was not pertinent and cannot be considered on appeal. See Mitchell v. State, 36 Texas Crim. Rep., 318, 33 S. W., 367. In many other cases the same announcement has been made.

The state's motion for rehearing is overruled.

*Overruled.*