JOHNNIE PHARISS V. THE STATE.

No. 23355. Delivered June 26, 1946.
Rehearing Granted October 16, 1946.

The opinion states the case.

*Wilkinson, Johnson, Griffin, Bohannon & Ragsdale,* of Brownwood, and *Ross K. Prescott,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of unlawfully selling intoxicating liquor in a dry area, and his punishment was assessed at a fine of $500.00.

The record reflects that appellant, in due time, made a motion to quash the complaint and information based on the ground that he was charged therein with a prior conviction for the offense of unlawfully possessing intoxicating liquor for the purpose of sale in a dry area; that the State, by charging him with the prior conviction, was seeking to again punish him for said offense, which is in contravention of Section 14, Article 1, of the State Constitution, and also of Article 61 of the Penal Code.

The complaint and information in this case charges that on or about the 21st day of April, A. D., 1945, Johnnie Phariss, did then and there unlawfully sell an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit, whisky, to W. C. Cannon, in a dry area, etc. In another paragraph it charged that the defendant "heretofore and prior to the commission by the said Johnnie Phariss of said offense which is hereinbefore charged against him, he, the said Johnnie Phariss, was duly and legally convicted on the 29th day of June, A. D., 1942, in the County Court of McCullough County, Texas, in Cause No. 3057, of an offense of like character as, that hereinbefore charged against him, to-wit, possessing intoxicating liquor for sale in a dry area; that after said judgment of conviction therein had become final, he, the said Johnnie Phariss, committed the offense first hereinabove alleged," etc.

The State's evidence supports the averments in the complaint and information.

Appellant did not testify but did introduce one witness, by whom he proved an alibi.

Appellant takes the position that the charge of his former conviction was an attempt on the part of the State to again punish him for the prior offense and, therefore, was in viola-

tion of Section 14, Article 1, of the State Constitution. The State was not seeking to again convict him for the offense of which he was convicted in June 1942. It was merely seeking to enhance his punishment for the offense for which he was then on trial in the event of his conviction. Section 14 of Article 1 of the Constitution does not inhibit the Legislature from prescribing the punishment for an offense, nor does it inhibit the Legislature from prescribing a more severe punishment to be assessed against a person for any subsequent offense of a like character. This question was before this court in the case of Kinney v. State, 78 S. W. 226, wherein this court, speaking through Judge Brooks, said:

"The insistence that it places defendant twice in jeopardy for the same offense is without merit."

The question was again before this court in the case of Harbert v. State, 136 Tex. Cr. R. 301, in which this court construed Article 61 of the Penal Code and followed the opinion in the Kinney case, supra. This court held that the statute referred to is reformatory in its nature, and since appellant had not reformed the former conviction could be utilized to enhance his punishment for the offense for which he was on trial.

Appellant, in his motion for a new trial, charges misconduct of the jury in this, that Mr. Deans, the forman of the jury, stated to the other jurors prior to the time that they had agreed upon the appellant's guilt and the punishment to be assessed, remarked:

"I do not care or think much of defendant, Johnnie Phariss, or his character. Several years ago he was hauling sand from my place and during that time he stole several loads of sand from me. In addition thereto, he stole a lot of things out of my barn, and he is a thief."

R. L. Akins, a member of the jury which tried the appellant, made an affidavit to that effect, which was introduced in evidence upon the hearing of the motion for new trial. This motion was contested by the State. It appears that the other members of the jury except Mr. Deans, who was ill and not able to be present, testified in behalf of the State on the hearing of the motion, but their evidence is not before us. Consequently we are not informed as to what their testimony was on the hearing. If their testimony controverted the affidavit, then an issue of fact was raised which the court was required to decide, and having decided the issue adversely to appellant, we are not in

a position to say that the court abused his discretion with respect thereto.

No error being reflected by the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

A statement of the facts adduced upon the hearing of the motion for new trial is now before us.

Five of the jurors testified upon the hearing. The juror Akin testified that during the deliberations of the jury and before a verdict had been reached, the foreman of the jury, Deans, made the statement:

"I don't care much for Phariss or his character; several years ago he was hauling sand from my place and stole several loads from me and stole some other things out of my barn."

The other four jurors called to testify disclaimed having heard Deans make the statement. However, none of them was in position to say that the statement was not made.

Mr. Deans, the foreman, who was alleged to have made the statement was not called as a witness. His failure to testify was dismissed with the statement of State's counsel that they had been unable to "get Mr. Deans here for this hearing."

The testimony of the juror Akin stands undisputed and, under the facts adduced upon the trial of the case, constitutes the receipt by the jury, during deliberations, of other and additional testimony which, under the provisions of Sec. 7, Art. 753, C. C. P., requires a new trial. See Mitchell v. State, 36 Tex. Cr. R. 278, 36 S. W. 456; Snow v. State, 91 Tex. Cr. R. 1, 237 S. W. 563; Elder v. State, 118 Tex. Cr. R. 254, 37 S. W. (2d) 1015; 31 Tex. Jur., New Trial—Criminal Cases, p. 237, Sec. 44, and supporting authorities cited under Notes 39 and 40 of Art. 753, Vernon's Code of Criminal Procedure.

Accordingly, appellant's motion for rehearing is granted,

the affirmance is set aside, and the judgment of the trial court is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.