GEORGE PAPAGEORGE V. STATE.

No. 25662. March 19, 1952.

Hon. B. G. Moffett, Judge Presiding.

*J. W. Cooper, Jr.,* Corpus Christi, for appellant.

*John Young,* County Attorney, *Noah Kennedy,* Assistant County Attorney, Corpus Christi, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The charging part of the complaint upon which this conviction is predicated reads as follows:

". . . did then and there unlawfully Fish with a net and

seine in closed waters, to-wit, Ingleside Cove, which had there-tofore been closed against the use of nets and seines by Act of the Legislature of the State of Texas; and said George Papageorge having been convicted on prior occasions of fishing with a net and seine in closed waters, which are offenses of like character to that hereinbefore alleged . . ."

The complaint was drawn and conviction obtained under Art. 941, P. C., as amended.

The punishment for a violation of said statute "on second or more convictions shall be fixed in the sum of not less than one hundred ($100) dollars nor more than two hundred ($200)." The punishment here assessed was the maximum of $200.

Among the attacks made upon the complaint is that the allegations of prior convictions are vague and indefinite and fail to give notice of the court, the time, the place, or the offense for which appellant is alleged to have been previously convicted.

It has been the repeated holding of this court that in cases involving prior convictions for the purpose of enhancing the punishment, definiteness and certainty are required in the state's pleading as to such matters. Morman v. State, 127 Tex. Cr. R. 264, 75 S. W. 2d 886; Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. 2d 555; Palmer v. State, 128 Tex. Cr. R. 293, 81 S. W. 2d 76; Goodale v. State, 146 Tex. Cr. R. 568, 177 S. W. 2d 211.

The state recognizes the holding but seeks to avoid the application thereof to the instant case, claiming that, here, the prior convictions are for acts declared to be unlawful by the legislature and not merely involving a matter of punishment. It is insisted that, inasmuch as the complaint followed the language of the statute, no necessity existed to allege with definiteness the prior convictions relied upon by the state.

With this conclusion we cannot agree. The validity of the enhancement-of-punishment statutes (Arts. 61 to 64, P. C.) was sustained, as against the contention that they violated the constitutional guarantee against double jeopardy, because said statutes are only reformatory in nature. Kinney v. State, 79 S. W. 570; Phariss v. State, 149 Tex. Cr. R. 489, 196 S. W. 2d 826. The instant statute must—of necessity—be given the same

construction, in so far as enhancement of punishment is concerned, if its validity is to be preserved.

The conclusion is expressed that the complaint is subject to the claimed defect. The prior convictions relied upon by the state should have been alleged with the same definiteness as required in pleading prior convictions under the enhancement-of-punishment statutes.

We express no opinion as to the validity of that provision of Art. 941, P. C. (Sec. 1-f) relative to the enhancement of punishment on "second or more convictions," as against the contention that it is vague, indefinite, and uncertain, and fails to identify the offenses or the nature of the offenses, or whether such offense or offenses are or are not of the same nature as that for which the accused is then upon trial. Such question is not before us, and is not decided.

The complaint being insufficient to authorize the enhanced punishment, the judgment is reversed and the cause is remanded.

Opinion approved by the court.