Roy Allen MELANCON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35602.

Court of Criminal Appeals of Texas.

May 8, 1963.

Louis Dugas, Jr., Hugh O. Lea, Orange, for appellant.

James A. Morris, Dist. Atty., Roy Wingate, Asst. Dist. Atty., Orange, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

This appeal is from a conviction for burglary of a private residence at night, with intent by force to have carnal knowledge of a named female therein without her consent.

A prior conviction for burglary in the same court in 1960 and a conviction on December 3, 1956, in the District Court of Calcasieu Parish, Louisiana, were alleged for enhancement of punishment.

The jury found appellant guilty of the primary offense and found that he had been convicted of two felonies, as alleged in the indictment, which were final convictions.

■ Having concluded that the life sentence imposed under authority of Art. 63 P. C. cannot be affirmed because of the insufficiency of the evidence relating to the Louisiana conviction, the evidence as to the primary offense will not be set out. However, we express doubt as to the sufficiency of the evidence to sustain a finding beyond a reasonable doubt that the appellant entered the house intending to have carnal knowledge of the female at all hazards, and intending to use sufficient force to accomplish his purpose notwithstanding any resistance she might make. Such was the state's burden. See Walls v. State, 164 Tex.Cr.R. 470, 299 S.W.2d 953; Lawson v. State, 153 Tex.Cr.R. 188, 218 S.W.2d 845; Roberts v. State, 136 Tex.Cr.R. 138, 124 S.W.2d 128; Miller v. State, 134 Tex.Cr.R. 611, 117 S.W.2d 62.

The indictment herein alleged that the appellant was convicted on December 3, 1956, in the District Court of Calcasieu Parish, Louisiana, in Cause Number 40,342 on the docket of said court " * * * for a felony less than capital, to wit: Burglary, upon an indictment then legally pending in said last named court * * * "

To prove such allegations as to said prior conviction, the state offered records from the Louisiana State Penitentiary.

As we understand the exhibits, they show (1) that the conviction was not upon indictment, but upon information, and (2) the conviction was for simple burglary and also for theft, separate punishments being assessed to run consecutively.

The evidence is insufficient because of the variance between the allegation of the indictment that the conviction was upon an indictment and the evidence showing that it was upon information. It is also insufficient because of the presumption that the Laws of Louisiana are the same as the Laws of this state. Green v. State, 165 Tex.Cr.R. 46, 303 S.W.2d 392; Ex parte Cooper, 163 Tex.Cr.R. 642, 295 S.W.2d 906. A conviction for a felony cannot be had in Texas without an indictment. See Art. 1, Sec. 10, Constitution of Texas, Vernon's Ann.St.

Also, a conviction cannot be had for two separate felonies charged in the same indictment. Crawford v. State, 31 Tex.Cr.R. 51, 19 S.W. 766; Wooten v. State, 111 Tex.Cr.R. 524, 15 S.W.2d 635; Monroe v. State, 146 Tex.Cr.R. 239, 172 S.W.2d 699; Branch's Ann.P.C. Sec. 506; 1 Branch's Ann.P.C.2d Ed., Sec. 526, page 506.

The evidence being insufficient to sustain the conviction and life sentence, the judgment is reversed and the cause is remanded.