Jerry Couch BOONE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42356.

Court of Criminal Appeals of Texas.

Jan. 28, 1970.

Donald D. Koons, Dallas, for appellant.

Henry Wade, Dist. Atty., John Tolle, Camille Elliott and James Finstrom, Asst. Dist. Attys., Dallas, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The offense is the unlawful possession of a dangerous drug, to-wit, Obedrin,[1] committed subsequent to a final conviction for the illegal possession of dangerous drugs; the punishment, five years in the

Department of Corrections. (Art. 726d, Sec. 15(a), Vernon's Ann.P.C.)

It is contended that there is a fatal variance between the pleadings and the proof in that the indictment alleges the prior conviction was based upon a complaint and information whereas the evidence shows that the conviction was based upon an indictment.

The primary offense charged in the indictment is that appellant did unlawfully possess a dangerous drug, to-wit, Obedrin. The averments as to the prior conviction were that appellant had been convicted on the 15th day of April, 1965, in County Criminal Court No. 3 of Harris County, Texas, of a misdemeanor of like character "to wit, Illegal possession of dangerous drugs, upon a complaint and information then legally pending in said last named court."

To support the prior conviction alleged, the state introduced certified copies of the indictment and judgment in said cause. The indictment alleged the unlawful possession of a dangerous drug, to-wit, barbiturates. The judgment in part recites that: "* * * the said defendant * * * in open court pleaded guilty to the charge contained in the Information herein, and thereupon The Court having heard the Information read and evidence submitted, finds the defendant guilty."

To the admission in evidence of the proof in the prior conviction, the appellant objected on the ground there was a conflict and variance between it and the indictment in the primary case which alleged that the prior conviction was upon a complaint and information. The objection was overruled and the appellant excepted.

The record evidence offered by the state in support of the prior conviction alleged is conflicting, contradictory, and at a variance with the prior conviction alleged in the indictment as an element of the offense

---

1. The testimony of the state reveals that Obedrin is a trade name for a tablet con-

taining a barbiturate and an amphetamine and is classified as a dangerous drug.

to the extent that the evidence is insufficient to support the conviction.

The disposition hereof makes the consideration of the other grounds of error presented unnecessary.

The judgment is reversed and the cause is remanded.