Eugene **KLECHKA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44495.

Court of Criminal Appeals of Texas.

Jan. 26, 1972.

Will Gray, Houston (Court Appointed Attorney), for appellant.

Carl S. Vance, Dist. Atty., Phyllis Bell, and William O. Olsen, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for assault with intent to murder. The punishment was assessed by the jury at twenty-five years. Two prior convictions for felonies less than capital were alleged for enhancement. These allegations were dismissed prior to the trial.

The appellant attacks the sufficiency of the evidence and contends that the court erred at the penalty stage of the trial in admitting a prior conviction.

The record reflects that officers in response to a call went to a Dairy Queen on park Place Boulevard in Houston. Officer Hastings testified that when he and Officer Griffin arrived at the Dairy Queen they saw a girl running down the street and heard her screaming. Hastings saw a man walking from behind the building and across the parking lot. He ordered the man to halt. The man, wearing a stocking over his head and face (later identified as the appellant Klechka), turned toward the officer and fired at him with a .45 caliber revolver. The officer shot the man with a shotgun and he fell to the ground. Officer Griffin testified that he saw the man fire at Officer Hastings.

Other witnesses testified that they saw the incident. One testified that the man fired in the direction of Officer Hastings.

The appellant contends that when Officer Griffin testified that "this defendant fired in our direction" it would show that no intent to kill was proved.

The testimony of Officer Griffin that the appellant shot in their direction is not in conflict with the other testimony of the officers that the appellant shot at Officer Hastings. The evidence was sufficient for the jury to conclude that the appellant shot with intent to kill.

Next, the appellant contends that the court erred in admitting evidence of a prior conviction because a jury in another trial of the appellant for robbery did not use the conviction for enhancement purposes when it was submitted. He claims the use of the prior conviction violated the Double Jeopardy and Due Process Clauses of the United States Constitution.

The proceedings of the previous trial are contained in the record. The indictment was for robbery by assault with a prior felony conviction for carrying a pistol after having been convicted for a felony under Article 489c, Vernon's Ann.P.C., alleged for enhancement. The jury in that trial was instructed to return a verdict of life if the defendant had been previously convicted. The jury returned a verdict assessing the punishment at twenty-five years and did not use the prior conviction for enhancement.

In the present case the appellant was identified as the person previously convicted by comparison of the fingerprints in the records of the Department of . Corrections with known fingerprints. The sufficiency of this proof is not questioned.

This Court has held that, where a prior conviction was not successfully used after it had been submitted to the jury for enhancement, this did not prohibit its use in a later case. Mooring v. State, 158 Tex. Cr.R. 434, 256 S.W.2d 97.

Article 37.07, Vernon's Ann.C.C.P., provides for the introduction of prior convictions at the penalty stage of the trial.

We hold that the fact that the jury did not utilize the prior conviction for enhancement in the earlier robbery case does not prevent its use in the present case at the penalty stage of the trial to show the prior criminal record. Turner v. State, Tex.Cr.App., 471 S.W.2d 56. This does not violate any constitutional right.

The judgment is affirmed.