Jack JACKSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 45853.

Court of Criminal Appeals of Texas.

May 16, 1973.

O. M. Street, Dallas, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

### ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

The offense is possession of burglary tools by a person who has been convicted of a felony, as denounced by Article 1402b, Vernon's Ann.P.C.; the punishment, one (1) year in the Department of Corrections.

Our prior opinion is withdrawn and the following substituted in lieu thereof.

Appellant's six grounds of error are not properly briefed and are presented without citation of authority. However, we will discuss some of them. He first complains of an alleged illegal search and seizure. Officer Ashby testified that while on patrol on the night in question he ob-

served an automobile parked near a school. The trunk or turtle of the automobile was open and appellant was standing nearby with several objects spread about him on the ground. The first object Ashby observed was the butt of a pistol sticking out of a glove. The next was an electric drill, a 12 lb. sledgehammer with a sawed off handle, tin snips, drill bits, several punches, and a number of pairs of cotton gloves. These facts clearly authorized the officer to examine the remainder of the burglary tools found in the open turtle. Logan v. State, Tex.Cr.App., 448 S.W.2d 462. We further note that the above testimony was adduced without objection.

Appellant's first ground of error is overruled.

Ground of error number two contends that the record of the felony conviction for burglary in the State of Illinois, which is an integral element of this offense, was not "properly certified and exemplified".

■ At the time of trial the objection now sought to be raised was not presented to the trial court and, therefore, nothing is presented for review. Tezeno v. State, Tex.Cr.App., 484 S.W.2d 374 (Concurring Opinion). Cf. Rhodes v. State, 164 Tex. Cr.R. 407, 299 S.W.2d 153. For the proper authentication of the records in such cases see Kanaziz v. State, Tex.Cr.App., 382 S.W. 2d 485.

Ground of error number two is overruled.

■ Ground of error number three contends that State's Exhibit number three was inadmissible because it does not show that the prior conviction in Illinois was for a felony. The Illinois conviction was for burglary and the sentence was for not less than two or more than eight years in the Illinois State Penitentiary. In the absence of a showing to the contrary this Court assumes that the law in another State is the same as our own. Article 47, V.A.P.C., defines a felony as an offense which may be punishable by confinement in the penitentiary.

The third ground of error is overruled.

■ Grounds of error four and five, among other things, contend that the evidence does not show that appellant was the same person who was convicted in the State of Illinois. Officer Bartek testified that he personally took appellant's fingerprints which he placed on State's Exhibit number one. Officer Maedgen testified that she compared the fingerprints on State's Exhibit number one with State's Exhibit number two, the Illinois prison package, and expressed the opinion that they belonged to the same person.

Grounds of error number four and five are overruled.

■ Ground of error number six contends that the Illinois conviction is too remote. Article 489c, V.A.P.C., prohibits a person who has been convicted of a felony involving an act of violence from possessing a prohibited weapon or firearm having a barrel of less than 12 inches in length away from the premises upon which he lives. This prohibition does not apply, however, to a person "who has not been convicted of a penal offense during the five-year period next immediately following his discharge or release from the penitentiary".

Unlike Article 489c, supra, the Legislature did not so limit Article 1402b, V.A.P. C. We conclude they did so intentionally.

Ground of error number six is overruled.

Finding no reversible error, the judgment of the trial court is affirmed.