Roger Dale PORIER, Appellant,

v.

The STATE of Texas, Appellee.

No. 56446.

Court of Criminal Appeals of Texas,
En Banc.

Oct. 3, 1979.

Rehearing Denied Jan. 9, 1980.

M. Mark Lesher, Texarkana, for appellant.

Lynn Cooksey, Dist. Atty., Texarkana, Robert Huttash, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary of a vehicle. Punishment, enhanced under V.T.C.A., Penal Code, Section 12.42(d), was assessed at life.

Appellant contends the evidence is insufficient to prove the second prior conviction alleged for enhancement was for an offense committed after the first prior conviction was final. Section 12.42(d), supra, provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis added).

The indictment alleged that appellant was convicted on September 13, 1971, in cause number 10,578 in the Circuit Court of Miller County, Arkansas, that he was convicted on January 7, 1969, in cause number 18,129 in the 114th Judicial District Court of Smith County, Texas, that both offenses were felonies, and that the 1971 conviction was for an offense committed after the 1969 conviction was final. The State introduced the records of both prior convictions and called witnesses who identified appellant as the same man convicted in both cases, but presented no evidence to show when the Arkansas offense was committed.

■■■ The evidence is insufficient to prove the facts necessary for enhancement to life imprisonment under Section 12.42(d), supra. Because punishment was assessed by the jury, the cause cannot be remanded for the assessment of punishment.

The dissent would have this Court rule that former jeopardy would now bar a retrial of the issue of enhancement under Section 12.42(d).

■■■ The constitutional doctrine of double jeopardy is founded upon the premise that "no man is to be brought into jeopardy of

his life more than once for the *same offense.*" (Emphasis added). 4 Blackstone's Commentaries 335; *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Sanabria v. United States,* 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978). *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), state that a second trial is prohibited once a reviewing court determines that there was insufficient evidence to support the verdict of guilty to the offense charged. See 10 Texas Tech L.Rev. 184 (1978).

■■■ The issue presented then is whether a prior conviction used merely to enhance a defendant's punishment is an "offense" within the meaning of the double jeopardy clause.

In *Sanabria v. United States,* supra, which was decided on the same day as *Burks* and *Greene,* the Supreme Court of the United States addressed the question of what constituted an offense. The Court wrote:

"It is Congress, and not the prosecution, which establishes and defines offenses. Few, if any, limitations are imposed on the Double Jeopardy Clause on the legislative power to define offenses. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). But once Congress has defined a statutory offense by its prescription of the 'allowable unit of prosecution,' *United States v. Universal C. I. T. Credit Corp.,* 344 U.S. 218, 221, 73 S.Ct. 227, 229, 97 L.Ed. 260 (1952); *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *Braverman v. United States,* 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23 (1942); *In re Nielsen,* 131 U.S. 176, 93 S.Ct. 672, 33 L.Ed. 118 (1889), that prescription determines the scope of protection afforded by a prior conviction or acquittal. Whether a particular course of conduct involves one or more distinct 'offenses' under the statute depends on this congressional choice."

See *Grafton v. United States,* 206 U.S. 333, 27 S.Ct. 749, 51 L.Ed. 1084 (1907); *Moore v.*

*Illinois*, 55 U.S. 13, 14 How. 13, 14 L.Ed. 306 (1852) ("An offense, in its legal signification, means the transgression of the law.").

In *Spencer v. Texas*, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967), the Supreme Court held that recidivist statutes and the use of prior convictions for enhancement do not twice put a defendant in jeopardy for the same offense. See also *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

This Court has consistently held that the use of V.T.C.A., Penal Code, Section 12.42(d), and former Article 63, V.A.P.C., does not place a defendant in double jeopardy. *Passmore v. State*, 544 S.W.2d 399 (Tex.Cr. App.1976); *Thomas v. State*, 543 S.W.2d 645 (Tex.Cr.App.1976); *Mullins v. State*, 409 S.W.2d 869 (Tex.Cr.App.1966); *Beyer v. State*, 172 Tex.Cr.R. 279, 356 S.W.2d 436 (1962); *Kinney v. State*, 45 Tex.Cr.R. 500, 78 S.W. 225, 79 S.W. 570 (1904). It is well settled that former Article 63, supra, as passed by the Legislature, did not create an offense. In *Mullins v. State*, supra, the Court was faced with a similar contention and wrote:

> ". . . As this Court pointed out in *Phariss v. State*, 149 Tex.Cr.App. 489, 196 S.W.2d 826, in rejecting a like contention, the State in alleging the prior convictions was not seeking to again convict the defendant, but was merely seeking to enhance his punishment for the offense for which he was then on trial in the event of conviction. The provisions of the Article do not create an offense, inflict additional punishment for a prior offense, or authorize a conviction on a habitual criminal charge; they merely prescribe more severe punishment based on persistence in crime. 16 Tex.Jur.2d, Secs. 403 and 404, pp. 624 and 625."

See *Florez v. State*, 479 S.W.2d 683 (Tex.Cr. App.1972); *Beyer v. State*, supra.

■ In *Passmore v. State*, supra, this Court held that former Article 63 was in effect brought forward in the new Penal Code by V.T.C.A., Penal Code, Section 12.42(d), and thus preserved. Therefore, it is clear that Section 12.42(d) does not create an offense, inflict additional punishment for a prior offense, or authorize a conviction on a habitual criminal charge, but "merely prescribe a more severe punishment based on persistence in crime." *Mullins v. State, supra*.

■ The type of error here is the type of trial error which, although it rendered the original proceeding "defective in some fundamental respect, e. g., incorrect receipt or rejection of evidence", does not prohibit a full readjudication of the original proceedings. *Burks v. United States*, supra. The prior conviction is not a question of fact which determines the guilt or innocence of appellant; rather, it is an historical fact. The error in improper proof then goes to the method of proof, not the validity of the event. In the words of the Supreme Court:

> "When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Burks v. United States*, supra.

> "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964).

The judgment is reversed and the cause is remanded.

ODOM, Judge, concurring in part and dissenting in part.

The majority opinion states that the use of prior convictions for enhancement, under Section 12.42, V.T.C.A., Penal Code does not constitute double jeopardy. I do not question this rule. At issue here is not the use of prior convictions to enhance punishment. The issue is whether the State is entitled to a second attempt to prove the facts necessary for enhancement of punishment under Sec. 12.42(d), supra, after having had one fair opportunity to do so and having failed.

The majority quotes *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, and *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448, to the effect that society maintains an interest in punishing the guilty even after reversal for trial error, and that it would be too high a price for society to pay if every accused were granted immunity from punishment because of trial error. Those quotes miss the mark in this case on two counts. First, reversal here is not the result of trial error, but due to the State's failure to prove the facts required under the enhancement of punishment issues submitted to the jury. Second, a bar to retrial of that issue would not grant appellant immunity from punishment, but would only bar imposition of a mandatory life sentence under the terms of Sec. 12.42(d), supra.

The point of *Burks v. United States*, supra, and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15, as applied to this case, that is overlooked by the majority, is that due to the insufficiency of the evidence on the issue, the trial court should have required the jury to return a verdict favorable to appellant, and the State should not thereafter be given a "second bite at the apple." The State failed to meet its burden of proof on the issue when given one fair opportunity to do so. If the trial court had directed the only verdict allowable under the evidence presented, then clearly appellant could not be subjected to the second trial of the issue that the majority allows. Retrial of the issue under these circumstances is in conflict with the principles upon which *Burks* and *Greene*, supra, were decided, and denies appellant due course of law under Article 1, Sec. 19, of the Texas Constitution.

I concur in reversal of the judgment, but dissent to the holding that the State may make a second attempt to prove the enhancement allegations under Sec. 12.42(d), supra.

ROBERTS, PHILLIPS and CLINTON, JJ., join in this opinion.