D. C. CADY, Appellant,

v.

The STATE of Texas, Appellee.

No. 58988.

Court of Criminal Appeals of Texas, Panel No. 2.

June 18, 1980.

Izak D. Gregory, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Jim Burnham and Andy Anderson, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, PHILLIPS and DAVIS, JJ.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary of a vehicle. The jury, having found the enhancement allegations to be true, assessed punishment at life.

Cady, in his sole ground of error, argues that the double jeopardy clause of the Fifth Amendment to the United States Constitution prohibited the State from enhancing his conviction. V.T.C.A., Penal Code, Section 12.42(d). The enhancement allegations in this case charged Cady with convictions in a 1972 burglary and a 1951 burglary. Cady introduced evidence showing that in 1957 he had been charged and convicted of robbery in Tennessee. The Tennessee indictment also alleged three prior convictions for enhancement, one of which was the 1951 burglary. The judgment in the Tennessee case stated that the jury had found Cady guilty of the principal charge but had acquitted him of the habitual offender allegations.

In *Porier v. State*, 591 S.W.2d 482 (Tex. Cr.App.1979), we held that enhancement allegations were not "offenses" within the purview of the Double Jeopardy Clause. Quoting from *Mullins v. State*, 409 S.W.2d 869 (Tex.Cr.App.1966), we stated:

". . . As this Court pointed out in *Phariss v. State*, 149 Tex.Cr.App. 489, 196 S.W.2d 826, in rejecting a like contention, the State in alleging the prior convictions was not seeking to again convict the defendant, but was merely seeking to enhance his punishment for the offense for which he was then on trial in the event of conviction. The provisions of the Article do not create an offense, inflict additional punishment for a prior offense, or authorize a conviction on a habitual criminal charge; they merely prescribe more severe punishment based on persistence in crime. 16 Tex.Jur.2d, Secs. 403 and 404, pp. 624 and 625."

In *Klechka v. State*, 475 S.W.2d 257 (Tex. Cr.App.1972), we held that "where a prior conviction was not successfully used after it had been submitted to the jury for enhancement, this did not prohibit its use in a later case." 475 S.W.2d at 258. The Double Jeopardy Clause has not been violated.

The judgment is affirmed.