Robert HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 65091.

Court of Criminal Appeals of Texas,
Panel No. 3.

Dec. 10, 1980.

C. R. Daffern, Amarillo, for appellant.

Tom Curtis, Dist. Atty., and Steve Schiwetz, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

The appellant pleaded guilty to voluntary manslaughter, an offense that is normally a felony of the second degree. It also was alleged that the appellant had been convicted of a felony once before, which would have increased the punishment to that of a felony of the first degree. V.T.C.A., Penal Code, Section 12.42(b). The appellant pleaded untrue to this "repeater" allegation. The issue was submitted to a jury, which found the "repeater" allegation true, and which assessed a punishment of confinement for life.

In his third ground of error the appellant raises the same objection that he made in the trial court: That the proof of the "repeater" allegation was insufficient because the allegation was that he had been convicted previously "upon an indictment" in a Michigan court, while the only proof was that he had been convicted on an information. That variance renders the proof insufficient. *Boone v. State*, 450 S.W.2d 614 (Tex.Cr.App.1970); *Melancon v. State*, 367 S.W.2d 690 (Tex.Cr.App.1963).

According to this Court's decision in *Porier v. State*, 591 S.W.2d 482 (Tex.Cr.App. 1979), the Double Jeopardy Clause does not forbid the State to attempt again to prove the prior conviction. But the present judgment cannot stand, for it is based on insufficient proof.

The judgment is reversed and the cause is remanded.

## OPINION ON STATE'S MOTION FOR REHEARING

DALLY, Judge.

To enhance the punishment the State alleged a prior felony conviction in Minnesota. The enhancement paragraph alleged the prior felony conviction was prosecuted by indictment while the proof was that it was prosecuted by information. The panel on the authority of *Melancon v. State*, 367 S.W.2d 690 (Tex.Cr.App.1963), and *Boone v. State*, 450 S.W.2d 614 (Tex.Cr.App.1970), found this variance between the allegations and the proof fatal and ordered reversal of the judgment.

If *Melancon v. State*, supra, and *Boone v. State*, supra, were not implicitly overruled in *Plessinger v. State*, 536 S.W.2d 380 (Tex.Cr.App.1976), we now overrule these cases to the extent they are in conflict with this opinion. We decide the question presented on a more recent line of authorities including *Plessinger v. State*, supra; *Rooks v. State*, 576 S.W.2d 615 (Tex.Cr.App. 1978); *Thompson v. State*, 563 S.W.2d 247 (Tex.Cr.App.1978); *Bray v. State*, 531 S.W.2d 633 (Tex.Cr.App.1976); *Cole v. State*, 611 S.W.2d 79 (Tex.Cr.App.1981). These authorities hold that, in alleging a prior conviction to enhance punishment, a variance between an allegation of the indictment and proof is a material and fatal variance only if it would mislead a defendant to his prejudice. E. g., in *Plessinger v. State*, supra, it was alleged the prior conviction in Arizona was obtained in a cause styled "The State of Texas v. Delbert Lorraine Plessinger, Jr." and the proof was that the cause was styled "The State of Arizona v. Delbert Lorraine Plessinger, Jr." In *Plessinger v. State*, supra, the Court finding that the variance was not fatal held that: "to the extent that *Corley v. State*, 158 Tex.Cr.R. 207, 254 S.W.2d 394 (1953) and other cases are in conflict with our holding today, they are overruled."

Variances between the pleading and the proof of the enhancement paragraphs in other cases that have been held to be immaterial and not fatal are: *Rooks v. State*,

supra, an allegation that the conviction was in "Criminal District Court of Harris County" and proof that the conviction was in the "184th District Court of Harris County;" *Thompson v. State,* supra, an allegation that the prior conviction was final on "October 17, 1972," and proof that the conviction was final on "October 19, 1972;" *Bray v. State,* supra, a variance "in the number of the district court in which the conviction occurred;" *Cole v. State,* supra, it was alleged the prior conviction was "Cause No. 87954" while the proof was that it was "Cause No. 87594."

■ In this case it is alleged that the appellant was convicted on the first day of April, 1975, in Cause No. B–438, in the 8th Judicial District Court of Meeker County, Minnesota, of the offense of unauthorized use of a vehicle. Each of these allegations is supported by evidence. The enhancement paragraph in the instant indictment sufficiently identified the prior conviction and the proof supported these allegations. That there is a variance between the allegation that the appellant was prosecuted by indictment and proof that he was prosecuted by information is not a material and a fatal variance; it is not a variance such as would mislead appellant to his prejudice. We reiterate what was said in *Plessinger v. State,* supra, "While the carelessness here involved is not to be condoned, we are unable to say that appellant has shown surprise or that he was misled to his prejudice."

It appears that in alleging prior convictions for enhancement of punishment the trend is toward a relaxation of the former rigid rules. See *Hollins v. State,* 571 S.W.2d 873 (Tex.Cr.App.1978); *Howell v. State,* 563 S.W.2d 933 (Tex.Cr.App.1978); *Teamer v. State,* 557 S.W.2d 110 (Tex.Cr.App.1977); *Prodon v. State,* 555 S.W.2d 451 (Tex.Cr.App.1977); *Arce v. State,* 552 S.W.2d 163 (Tex.Cr.App.1977); *Hernandez v. State,* 530 S.W.2d 563 (Tex.Cr.App.1975).

■ The appellant also complains that there is insufficient evidence to show that the law in Minnesota authorized prosecution of felonies by information. In the absence of proof it is presumed that the law of another state is the same as this state. *Ex parte Nichols,* 604 S.W.2d 81 (Tex.Cr.App. 1979); *Almand v. State,* 536 S.W.2d 377 (Tex.Cr.App.1976); *McKinney v. State,* 505 S.W.2d 536 (Tex.Cr.App.1974); *Jackson v. State,* 494 S.W.2d 550 (Tex.Cr.App.1973). Since a felony may now be prosecuted by information in this state, Art. 1.141, V.A.C. C.P., it is presumed that in Minnesota a felony may be prosecuted by information. *Gibbs v. State,* 544 S.W.2d 403 (Tex.Cr.App. 1976). This ground of error is overruled.

The appellant next asserts that the trial court erred in admitting in evidence numerous photographs which he says have no probative value and were offered solely to prejudice and inflame the jury. Following the appellant's plea of guilty, eight color photographs were admitted in evidence at the punishment stage of the trial; the jury assessed punishment. The first four photographs show the body of the deceased depicting the position of the body and the location, nature, and extent of the wounds; the remaining four show the scene of the offense as it appeared shortly after the deceased was stabbed to death.

■ If a verbal description of the body and the scene is admissible, a photograph depicting the same is admissible. *Heckert v. State,* 612 S.W.2d 549 (Tex.Cr.App.1981); *Luck v. State,* 588 S.W.2d 371 (Tex.Cr.App. 1979); *Harrington v. State,* 547 S.W.2d 621 (Tex.Cr.App.1977). Only when the probative value of the photograph is very slight and the inflammatory aspects great will it be an abuse of discretion to admit the photograph. *Harrington v. State,* supra; *Terry v. State,* 491 S.W.2d 161 (Tex.Cr.App. 1973); *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972). The probative value of the photographs in question, depicting the position of the body, the location, nature, and extent of the wounds to the body, and the scene of the offense as it appeared after the deceased had been stabbed, outweighs any inflammatory aspects they may have had on the jury; they were properly admitted in evidence. See *Terry v. State,* supra.

The appellant next asserts that the trial court erred in overruling his motion for mistrial after sustaining his objection that the State improperly commented during the voir dire examination on the appellant's failure to testify. During the voir dire examination by the State, the following occurred:

"[PROSECUTOR]: There is one last thing I wanted to discuss with you in general, and I ask you all to be aware of this during the course of the trial.

"You all understand I have my job to do and Mr. Daffern has his job to do, and we are both going to put on some evidence for you and let you decide what the facts of the case prove.

"I ask you all to pay careful attention to the evidence and follow it, try to follow it in a logical sequence of what has happened when I present my case to you and when Mr. Daffern presents his case to you—

"[DEFENSE ATTORNEY]: I object to that, Judge. The Defendant is under no burden to put on any evidence, and I think that, once again, is a comment on the burden of proof the State has to have, and an indirect comment on the failure of the Defendant to testify."

The appellant's objection was sustained and an instruction to disregard given. His motion for mistrial was overruled.

■■■ A direct comment on an accused's failure to testify is improper; however, an indirect allusion which might refer to an accused's failure to testify or a comment on an accused's failure to present evidence through a witness other than himself does not require reversal. *Nickens v. State*, 604 S.W.2d 101 (Tex.Cr.App.1980); *Wright v. State*, 582 S.W.2d 845 (Tex.Cr. App.1979); *McMahon v. State*, 582 S.W.2d 786 (Tex.Cr.App.1978); *Bird v. State*, 527 S.W.2d 891 (Tex.Cr.App.1975). The prosecutor's statement in the instant case was general in nature; it was not a direct comment on the appellant's failure to testify, especially since there is nothing in the record to show that at the time of his comment the prosecutor knew whether the appellant

would testify or not. See *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979); *Allen v. State*, 536 S.W.2d 364 (Tex.Cr.App.1976); *Hill v. State*, 480 S.W.2d 670 (Tex.Cr.App. 1972); *McCary v. State*, 477 S.W.2d 624 (Tex.Cr.App.1972). In addition the remark was rendered harmless by the trial court's prompt instruction to the jury.

The State's Motion for Rehearing is granted and the judgment is affirmed.

CLINTON, J., concurs in the result.

ROBERTS, J., dissents.

TEAGUE, Judge, dissenting in part and concurring in part.

I respectfully dissent to the overruling of *Boone v. State*, 450 S.W.2d 614 (1970); and *Melancon v. State*, 367 S.W.2d 690 (1963), but concur in the result reached.

To achieve the result reached in this cause, I do not feel it is necessary to overrule the above cases or to set forth a new rule of law that appears to praise poor pleadings and to recommend conflicting, contradictory and at variance type pleadings to become the norm. See infra.

Presiding Judge Onion said in *Plessinger v. State*, 536 S.W.2d 380 (1976): "The object of the doctrine of variance between the allegations of an indictment is to avoid surprise ... and for such variance to be material it must be such as to mislead the party to his prejudice."

The reason I concur in the result is I find nothing that would surprise one by the allegation of the word "indictment," whereas the proof showed the word "indictment" should have been "information." By the remaining allegations, I find the appellant was given sufficient notice of what the State intended to prove by way of the enhancement allegation. He was told the date of conviction, the cause number of the conviction, the court in which the conviction occurred, the location of that court, the offense for which appellant was convicted in the foreign jurisdiction, and the fact it was a felony offense. Likewise, in *Plessinger*, supra, the defendant was told the

date of conviction, the offense for which he was convicted, the court in which the conviction occurred, the location of that court, the cause number of the conviction, and the fact it was a felony offense. In *Corley v. State*, 254 S.W.2d 394 (1953), which was overruled in *Plessinger*, supra, the defendant was put on notice of the prior conviction by the State alleging the wrong court but the right county of the prior conviction, the date of the conviction, the cause number of that conviction, the offense, and the fact it was a felony offense. I think this Court was correct in overruling *Corley*, supra, because the defendant was, in my view, given sufficient notice of the prior conviction, as was the appellant in this cause.

Judge Dally is absolutely correct when he says: "It appears that in alleging prior convictions for enhancement of punishment the trend is toward a relaxation of the former rigid rules." Soon, I fear, we will permit the "relaxation" to become a rule of law. This holding, in my view, attempts to take one giant step to achieve the "rule of relaxation," by unnecessarily overruling cases of this Court.

We should not condone carelessness; we should chastize and criticize it, especially when it comes to drafting indictments, informations, and enhancement allegations contained therein.

Because there is no need to overrule *Melancon*, supra, and *Boone*, supra, I respectfully dissent to that part of the opinion. However, I agree with the result reached and, therefore, concur in the result.