### A. T. NUNN v. THE STATE.

No. 19235.   Delivered November 17, 1937.

The opinion states the case.

*Allwyn W. Pirtle,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The indictment charged the offense of knowingly passing a forged instrument, and contained aver-

ments showing that appellant had been twice previously convicted of forgery. Because of repetition of offenses, the penalty assessed was imprisonment in the penitentiary for life. See Art. 63, P. C.

We quote the paragraphs alleging the previous convictions, as follows:

"And the grand jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said A. T. Nunn, to-wit, on the 19th day of November, A. D. 1934, in the district court of Smith County, Texas, the said A. T. Nunn was duly and legally convicted in said last named court of a felony of the same nature as that hereinbefore charged against him, to-wit, the felony of forgery, in cause No. 11775, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction;

"And the grand jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said A. T. Nunn, to-wit, on the 19th day of November, A. D. 1934, in the district court of Smith County, Texas, the said A. T. Nunn was duly and legally convicted in said last named court of a felony of the same nature as that hereinbefore charged against him, to-wit, the felony of forgery, in cause No. 11776, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction."

It is observed that the convictions used to enhance the penalty occurred on the same date, that is, the 19th of November, 1934. In Kinney v. State, 79 S. W., 570, it is shown that the former convictions were alleged as follows:

"The grand jurors, upon their oaths aforesaid, do further present in and to said court that heretofore, on September 5th, 1901, in the county court of Dallas county, Texas, and prior to the commission of the offense herein charged against him, the said Kid Kinney was in said court duly and legally convicted in causes numbers 24,405, 24,259, and 24,260 in said court, being three in number, of the same offense herein charged against him, the said Kid Kinney, each of said offenses being misdemeanors."

In concluding that the indictment was defective, the court used language as follows:

"It should have charged that appellant was tried and convicted in No. 24,405 for an offense which occurred prior to the commission of the offense declared on in No. 24,259, and that he was convicted for said last-named case prior to the commission of the offense denounced in No. 24,260, and that he was

afterwards convicted for said offense, and that these convictions all occurred for offenses committed prior to the commission of the offense for which appellant was being tried, to wit, No. 26,838. Then it would have been distinctly shown that each new act was for a sugsequent offense after he had been convicted for a like offense in the preceding case."

Further the court said:

"From this allegation the preceding offenses were all committed on the same day, with no allegation as to priority between them; and consequently the indictment in this regard could only be considered as an indictment for the second offense, and not as an indictment for the fourth offense; that is, if effect be given to article 1014, Pen. Code 1895, as a reform statute." See, also, Neece v. State, 137 S. W., 919.

Giving effect to the holding in the cases mentioned, we are constrained to hold that the indictment is not sufficient to authorize the enhanced penalty assessed herein.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

GRAVES, J., absent.