### E. G. GAMMILL v. THE STATE.

No. 19824. Delivered June 8, 1938.

The opinion states the case.

*S. K. Long* and *O. M. Lord,* both of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is passing a forged instrument. Under averments and proof of former convictions of felonies less than capital appellant was assessed a penalty of confinement in the penitentiary for life.

After appropriate averments charging forgery and passing of a forged instrument in the present case as occurring on the 11th day of January, 1936, the indictment contained the following allegations:

"And the Grand Jurors do further present that prior to the commission of the aforesaid offense of forgery and the offense of unlawfully passing and attempting to pass a forged instrument, by the said E. G. Gammill, on the 26th day of July, A. D. 1932, in the District Court of Harrison County, Texas, the said E. G. Gammill was duly and legally convicted, in said last named court of an offense, to-wit, unlawfully transporting intoxicating liquor, said offense being a felony less than capital, upon an indictment in Cause No. 16190, State of Texas, Vs. Jim Powell, said indictment then legally pending in said last named Court and of which the said court had jurisdiction, the said E. G. Gammill being one and the same person convicted under the name of Jim Powell in said last named court and in said Cause No. 16190, then pending in said last named court.

"And the Grand Jurors do further present that prior to the commission of the aforesaid offense of forgery and the offense of unlawfully passing and attempting to pass a forged instrument by the said E. G. Gammill, hereinbefore charged in this indictment, the said E. G. Gammill was duly and legally convicted in Cause No. 6020, styled State of Texas Vs. M. C. Moore in the District Court for the County of Cherokee, State of Texas, on the 30th day of July, A. D. 1934, of the offense of forgery, said offense of forgery being of like character and the same nature as that hereinbefore charged against him herein, said offense being less than capital, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, the said E. G. Gammill being one and

the same person convicted under the name of M. C. Moore in said last named court in said Cause No. 6020, then pending in said last named court.

"And the Grand Jurors do further present that prior to the commission of the aforesaid offense of forgery and the offense of unlawfully passing and attempting to pass a forged instrument by the said E. G. Gammill hereinbefore charged in this indictment, the said E. G. Gammill was duly and legally convicted in the District Court of Cherokee County, State of Texas, on the 30th day of July, A. D. 1934, of the offense of forgery, said offense of forgery being of like character and of the same nature as that hereinbefore charged against him herein, said offense being less than capital, upon an indictment in Cause No. 6021, State of Texas Vs. M. C. Moore, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, the said E. G. Gammill being the same person convicted under the name of M. C. Moore in said last named court, and in Cause No. 6021, then pending in said last named court."

Appellant attacks that part of the indictment alleging the prior convictions on the ground that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense. This complaint is well founded. We quote from Ellis v. State, 115 S. W. (2d) 660, as follows:

"As we understand it appellant's main complaint directed at that part of the indictment charging prior convictions is that there is omission of the averment that each succeeding offense was committed after conviction of the preceding offense. We are of opinion that this complaint is well taken, as demonstrated by the proof regarding the prior convictions which will be later mentioned. The necessity for such pleading is based upon the holding in Kinney v. State, 45 Texas Crim. Rep. 500, 78 S. W. 225, 79 S. W. 570, that Articles 62 and 63 are reform provisions, and that the commission of previous offenses must be alleged to have succeeded one another after conviction. See, also, Neece v. State, 62 Texas Crim. Rep. 378, 137 S. W. 919. The proper form of pleading is very pertinently pointed out in 12 Tex. Jur., p. 796, in the following language: ' * * * where it is desired to charge several previous convictions, the indictment should aver that the accused was convicted in the first case for an offense committed prior to commission of the offense declared on in the second case, that he was convicted in the second case for an offense committed prior to commission

of the offense denounced in the third case, and that he was thereafter convicted in the third case, and that all these convictions were for offenses committed prior to commission of the offense for which he is about to be tried. * * * " See Muckenfuss v. State, 55 Texas Crim. Rep. 216, 117 S. W. 853; Long v. State, 36 Texas 6; Nunn v. State, Texas Crim. App., 110 S. W. (2d) 71; Arbuckle v. State, 132 Texas Crim. Rep. 371, 105 S. W. (2d) 219. If the pleader in the present case had followed the suggestion herein copied from Tex. Jur., the complications arising from the evidence regarding the prior convictions would not have occurred, and some of the averments would of necessity have been omitted."

It is observed that the two prior convictions in Cherokee County for forgery occurred on the same day. Hence only one of them could be relied on by the State to fix the status of an habitual criminal upon appellant, and only one of such convictions had any place in the indictment. Ellis v. State, supra; Nunn v. State, 110 S. W. (2d) 71.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.