### R. C. GILBERT v. THE STATE.

No. 20009. Delivered January 11, 1939.

The opinion states the case.

No attorney for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—The conviction is for passing a forged instrument; penalty assessed at confinement in the penitentiary \for life.

The indictment alleged that the appellant on or about the 5th day of December, A. D., 1935, "did knowingly and fraudulently pass as true to John B. Farris a forged instrument in writing," namely; a check for $44.00 dated December 5, 1935, payable to J. A. Pearson, drawn on the Union National Bank of Houston, Texas, and purported to have been signed by O. E. Seomon, Treasurer, and J. M. Hays, Assistant Treasurer of the Humble Oil & Refining Company.

The indictment also contains averments that appellant had prior to the commission of the foregoing offense been convicted of various offenses of like character. It is called to our attention that some of these various prior convictions occurred on the same day. Under the holding in Nunn v. State, 133 Tex. Cr. R. 266, 110 S. W. (2d) 71, the convictions on the same day did not authorize the enhanced penalty permitted under Art. 63 P. C. However, the indictment contains sufficient averments of the conviction of two succeeding prior offenses.

The evidence adduced by the State having established the commission of the present offense, as well as the available previous convictions alleged in the indictment, the penalty assessed by the jury against the appellant was authorized by the

terms of Art. 63 P. C., which declares that "whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." See 12 Tex. Jur. p. 791, sec. 402; also Moss v. State, 115 S. W. (2d) 409; Haro v. State, 105 S. W. (2d) 1093; Childress v. State, 116 S. W. (2d) 396.

Appellant did not testify as a witness upon the trial, and called no other witness. No complaint of any matter of procedure has been presented by bill of exception, nor has any reversible error been perceived from our examination of the record.

The judgment is affirmed.