EX PARTE HENRY HUFF.

No. 30,267. October 15, 1958.

Relator Represented Himself.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Relator, an inmate of the prison system, seeks his release by writ of habeas corpus. He was on the 11th day of December, 1937, in the Criminal District Court of Nueces County, convicted under Article 63, V.A.P.C., as an habitual criminal. The primary offense charged in the indictment was that of aiding a prisoner who was restrained on a charge of felony to escape from such restraint, as denounced by Article 326, V.A.P.C. The first prior conviction alleged for enhancement was for forgery, secured in the same court on November 19, 1937, and the second prior conviction was likewise for forgery in the same court on the same date, to-wit: November 19, 1937.

Recently, in Ex parte Atkinson, 162 Texas Cr. Rep. 546, 288 S.W. 2d 89, under a similar situation, we said:

"It is apparent that since the relator was convicted in both of the Trinity County cases on the same day, neither conviction could have preceded the commission of the offense in the other case and the two convictions could not constitute the basis for a prosecution as a third offender under Article 63, V.A.P.C. Ex parte Daniels, 262 S.W. 2d 586.

"It is further apparent that the indictment is sufficient to charge the relator as a second offender under Article 62, V.A.P.C."

The punishment in the instant case provided by Article 62, supra, is five years.

Relator has served in excess of five years and is therefore entitled to be discharged. Ex parte Pruett, 139 Texas Cr. Rep. 438, 141 S.W. 2d 333. The writ is granted and relator is ordered discharged.