**David Edward MULLINS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39836.**

Court of Criminal Appeals of Texas.

Nov. 16, 1966.

Rehearing Denied Dec. 31, 1966.

Floyd A. Hunter, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

Burglary is the offense; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

Trial was after January 1, 1966, under the 1965 Code of Criminal Procedure.

The indictment charged, in the first paragraph, commission of the primary offense on or about August 3, 1965, and in subsequent paragraphs alleged fifteen prior felony convictions for offenses less than capital.

Trial was under the alternate procedure provided by Art. 37.07 of the 1965 Code. Appellant's plea was that of not guilty and the issue of his guilt was first submitted to the jury without authority to pass upon the punishment to be imposed.

Upon return of the verdict of guilty, appellant elected to have the jury fix the punishment.

Thereupon, the state proceeded to offer evidence bearing on the question of punishment to be assessed.

Numerous exhibits were offered by the state including certified copies of indictments, judgments, and sentences to prove the fifteen prior felony convictions alleged in the indictment. Certain authenticated prison records including photographs, fingerprints, and copies of certain indictments, judgments, and sentences were also offered.

In proof of the prior conviction alleged in the third paragraph of the indictment, the state offered in evidence certified copies of the indictment, judgment, and sentence in cause #15,287, styled The State of Texas v. David Edward Mullins, on the docket of the 6th Judicial District Court of Fannin County, which showed that on October 4, 1963, the defendant named therein was convicted of the offense of burglary and sentenced to three years in the penitentiary.

In proof of the prior conviction alleged in the ninth paragraph of the indictment, the state offered in evidence certified copies of the indictment, judgment, and sentence in cause #15,153, styled The State of Texas v. David Edward Mullins, on the docket of the 6th Judicial District Court of Fannin County, which showed that on May 4, 1960, the defendant named therein was convicted of the offense of burglary and sentenced to five years in the penitentiary.

Proof was made in the manner approved by this court by comparison of fingerprints that appellant was the person convicted in the two causes. It was also shown that it was the appellant who was convicted in the other prior convictions alleged.

No evidence was presented by the appellant, and at the conclusion of the testimony the jury retired, under instructions of the court, to determine whether the allegations set forth in the third and ninth paragraphs of the indictment were true and to return a verdict fixing punishment in the case.

Thereafter, the jury returned its verdict finding the allegations set forth in the third and ninth paragraphs of the indictment to be true, and fixed appellant's punishment at imprisonment in the penitentiary for life.

Error is urged to the court's action in refusing to sustain appellant's motion to quash paragraphs two to sixteen of the indictment and permitting the state to read such allegations to the jury and make proof thereunder of the fifteen prior convictions alleged.

Several of the paragraphs alleged prior convictions on the same day, to which appellant excepted on the ground that the state had failed to elect which paragraphs (convictions) were relied upon to enhance the punishment and that for such reason he was unable to prepare his defense.

■ It is the rule that where there are two or more convictions on the same day, only one may be relied upon by the state to fix the status of an habitual criminal upon the accused. Nunn v. State, 133 Tex. Cr.R. 266, 110 S.W.2d 71; Gammill v. State, 135 Tex.Cr.R. 52, 117 S.W.2d 790; Gilbert v. State, 136 Tex.Cr.R. 20, 123 S.W. 2d 658; Ex parte Huff, 166 Tex.Cr.R. 508, 316 S.W.2d 896.

■ While appellant's motion to quash the objectionable paragraphs in the indictment was well taken, we perceive no reversible error, in view of the procedure used in the case. The paragraphs in the indictment charging the prior convictions were not read to the jury and no proof was offered thereon until after the return of the jury's verdict of guilty.

The two convictions relied upon by the state for enhancement under Art. 63, supra, were not on the same day and it was alleged and proven that the second conviction was subsequent to the first, both in point of time of commission of the offense and the conviction therefor. Both convic-

**872**

tions were alleged and shown to be prior to commission of the primary offense.

 The fact that some of the previous convictions were on the same day would not preclude their being shown as part of appellant's prior criminal record, under the provisions of Art. 37.07, Sec. 2(b), supra. Nor did the fact that some of the prior convictions were not sufficiently alleged for enhancement under Art. 63, supra, preclude their introduction in evidence as part of appellant's criminal record, under Art. 37.07, sec. 2(b), supra.

The judgment is affirmed.

Opinion approved by the Court.

### OPINION ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Presiding Judge.

Appellant raises only one point of error in his motion for rehearing. He contends that use of the prior convictions to enhance his punishment, as provided by Article 63, Vernon's Ann.P.C., violates the Fifth Amendment to the Constitution of the United States and Article I, Section 14 of the Constitution of the State of Texas, Vernon's Ann.St. 5, in that such use places him in jeopardy a second time for the convictions so used. As this Court pointed out in Phariss v. State, 149 Tex.Cr. App. 489, 196 S.W.2d 826, in rejecting a like contention, the State in alleging the prior convictions was not seeking to again convict the defendant, but was merely seeking to enhance his punishment for the offense for which he was then on trial in the event of conviction. The provisions of the Article do not create an offense, inflict additional punishment for a prior offense, or authorize a conviction on a habitual criminal charge; they merely prescribe more severe punishment based on persistence in crime. 16 Tex.Jur.2d, Secs. 403 and 404, pp. 624 and 625.

Finding no merit in appellant's contention, his motion for rehearing is overruled.