**STATE of Texas, Appellant,**

v.

**Adolfo DELGADO, Appellee.**

**No. C14–91–00318–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1992.

Kelly McClendon, Angleton, for appellant.

Von H. Shelton, Angleton, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

Appellee was charged by a two-count indictment with the offenses of delivery of marihuana and criminal episode. The State of Texas appeals from the trial court's order granting appellee's motion to quash three of the four enhancement paragraphs of the indictment. The issue presented here is whether the State may allege more than one enhancement paragraph to prove one prior conviction in accordance with TEX. PENAL CODE ANN. § 12.42(c) (Vernon Supp. 1991).

Appellee filed a motion to quash three of the four enhancement allegations of the indictment claiming all four prior convictions became final on the same day and, therefore, only one prior conviction should be available to the State for enhancement purposes. The trial court granted appellee's motion to quash all but one enhancement allegation and ordered the State to select which enhancement paragraph to use in the indictment. We reverse and remand.

The indictment in this case alleged the following four enhancement paragraphs:

AND THE GRAND JURORS AFORESAID do further present that before the commission of the offense alleged above, on or about the 24th day of January, A.D.1975, in Cause Number 32,709, in the 56th Judicial District Court of Galveston County, Texas, the defendant was convicted of the felony of Unauthorized Use of a Vehicle;

AND THE GRAND JURORS AFORESAID do further present that before the commission of the offense alleged above, on or about the 24th day of January, A.D.1975, in Cause Number 32,657, in the 56th Judicial District Court of Galveston County, Texas, the defendant was convicted of the felony of Burglary;

AND THE GRAND JURORS AFORESAID do further present that before the commission of the offense alleged above, on or about the 24th day of January, A.D.1975, in Cause Number 32,852, in the 10th Judicial District Court of Galveston County, Texas, the defendant was convicted of the felony of Burglary;

AND THE GRAND JURORS AFORESAID do further present that before the commission of the offense alleged above, on or about the 24th day of January, A.D.1975, in Cause Number 32,935, in the 212th Judicial District Court of Galveston County, Texas, the defendant was convicted of the felony of Criminal Attempt Burglary.

The State claims it did not seek to establish that appellee was a habitual offender pursuant to section 12.42(d) of the Texas Penal Code which provides as follows:

If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of *two felony offenses*, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 25 years (emphasis added).

TEX.PENAL CODE ANN. § 12.42(d) (Vernon 1991).

On the contrary, the State argues appellee was punished pursuant to section 12.42(c) of the Texas Penal Code which states as follows:

If it be shown on the trial of a first-degree felony that the defendant has been *once before convicted* of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an

individual may be punished by a fine not to exceed $10,000 (emphasis added).

Tex.Penal Code Ann. § 12.42(c) (Vernon 1991).

Appellee cited *Gammill v. State*, 135 Tex.Crim. 52, 117 S.W.2d 790 (1938), as holding that the State should not be able to use more than one prior conviction for enhancement purposes when two or more convictions all become final on the same day. In that case, the defendant attacked the part of the indictment alleging that two prior convictions for forgery occurred on the same day. The court declared the following:

> Where it is desired to charge several previous convictions, the indictment should aver that the accused was convicted in the first case for an offense committed prior to commission of the offense declared on in the second case, that he was convicted in the second case for an offense committed prior to commission of the offense denounced in the third case, and that he was thereafter convicted in the third case, and that all these convictions were for offenses committed prior to commission of the offense for which he is about to be tried.

*Id.* 117 S.W.2d at 791. Relying on *Gammill*, appellee claims the trial court in the case before us properly granted his motion to quash three enhancement allegations of the indictment because the State did not prove the proper sequence of prior convictions necessary in enhancement allegations. However, appellee's reliance is misplaced, as *Gammill* dealt with the enhancement requirements for *habitual* criminal status in 1938. Those requirements are now covered by section 12.42(d). But in any event, they are inapplicable to the present case because the State is not proceeding under section 12.42(d), but rather under section 12.42(c). Therefore, we find that the State is not required to prove any sequence of prior convictions under section 12.42(c) because only one prior conviction will suffice to enhance punishment. The State need only establish the dates the prior convictions became final and that the primary offense occurred subsequently.

Furthermore, the court of criminal appeals has concluded that the State is not limited to alleging just two felony offenses, but can plead all of a defendant's prior final felony convictions in an indictment under section 12.42(d). *Carter v. State*, 676 S.W.2d 353, 355 (Tex.Crim.App.1984). Reasoning, by analogy, we find no reason to prohibit the State from alleging more enhancement paragraphs than necessary to prove one prior conviction under section 12.42(c). *Turner v. State*, 750 S.W.2d 48, 51 (Tex.App.—Fort Worth 1988, no pet.).

Accordingly, the trial court erred by quashing portions of the indictment in this case. We reverse the order of the trial court and order the trial court to reinstate all four enhancement paragraphs in the indictment.